Complainant, the wife of defendant Alfred Klee and her husband, on September 21st, 1935, acquired as tenants by the entirety certain premises in Englewood. Two thousand dollars ($2,000) was paid in cash by the husband. A purchase-money mortgage was executed by them for the balance of sixty-eight hundred ($6,800) to the grantor, Englewood Mutual Loan and Building Association. They moved into the premises and occupied them, or a part of them, until November, 1938. In April, 1936, being then in default on the mortgage, the husband and wife executed a deed to the premises to the other two defendants, the father and mother of Alfred Klee, who in turn paid the arrears then due on the original mortgage, which was canceled, and executed a new mortgage for the balance then due to the same mortgagee. As a result of this transaction, the husband and wife were divested of title, but at the same time were released from obligation on their bond. Subsequently, the premises were *Page 32 
converted into a two-family house and the parents moved in. The father, from the date of the deed, paid all carrying charges on the premises.
Marital troubles developed between the husband and wife, and she received an order from the Juvenile and Domestic Relations Court requiring the husband to make payments for her support and that of a child. On October 1st, 1938, she filed a petition for divorce, which was discontinued without prejudice in February, 1939. Soon after the filing of the divorce suit, defendant moved the wife's belongings to an apartment outside the premises in question, and she thereupon left them.
Complainant contends that she was told by her husband that the document executed by her, namely, the deed of April 2d 1936, was a mortgage to the parents in substitution of the one held by the Englewood Mutual Loan and Building Association, and that she signed the document relying on the husband's statement and in the belief that the statement was true. The deed was prepared by an official of the loan and building association who did not in any way represent the husband, and it is not claimed by complainant that either this official or the parents made any false statement to her as to the nature of the document she signed. At the time the transaction took place, the original mortgage was in default and there was, of course, the possibility that a deficiency against complainant might result from the foreclosure of the mortgage. By the cancellation of the original mortgage and the execution of the second mortgage, the parents assumed the liability formerly imposed upon complainant. Had the transaction been as complainant says she understood it to be, that is to say, the cancellation of the original mortgage and the giving of a new mortgage to the parents, this would have necessitated the payment of the amount of the original mortgage to the loan and building association, but complainant does not state that any such payment was made, nor does she give any explanation of the absence thereof.
The husband denies any misstatements to his wife and testifies that the transaction was fully understood by her. According to all the witnesses, except the wife, the transaction *Page 33 
was a simple one. The mortgage was in default, and foreclosure was threatened, the parents agreed to take the property over, giving their own mortgage thereof, and the loan and building association was willing to accept new mortgagors of presumably sounder financial standing in place of the original ones.
I am very much inclined to doubt the wife's story as to the alleged misrepresentations by the husband. In any event, there is no proof of any bad faith, fraud or deceit practiced by the parents, the grantees of the deed in question. There is no proof that the premises had any substantial value above the mortgage, and the release of the wife and the assumption of the debt by the grantees was a valuable consideration. On the proof adduced, the parents must be found to be innocent purchasers for value and to have title to the premises free of any possible equities of complainant. Bajek v. Polack, 120 N.J. Eq. 104.
It is unnecessary to pass upon the contentions of complainant that she was dominated by her husband, that he was in a confidential relationship to her, and that she had no independent advice. The old conception of the law that the husband dominated the wife is not only fairly outmoded in modern practice, but the emancipation of women has been substantially completed by statute. Deeds between husband and wife are now permitted; the separate examination of a wife upon execution of a deed is no longer required. The cases of confidential relationship cited on behalf of complainant are all those in which such a relationship existed between grantor and grantee or between donor and donee. No such circumstances exist here.
Complainant has not sustained her bill in this aspect and it will accordingly be dismissed.
In a second count, the wife seeks to collect from the husband an alleged balance of six hundred dollars ($600) on an original loan of eight hundred dollars ($800) made by her to her husband. The defense is payment which complainant denies. The issue is one of veracity between the husband the wife. Neither is corroborated, except that at the time the husband claims he made the payments he produced checks *Page 34 
from his corporation made to his order from which he could have made them. The wife's testimony on the other hand is considerably discredited by unsubstantiated assertions and untrue statements made in certain details in this litigation and in connection with her marital litigation.
I accordingly find that the defense of payment has been substantiated.
A decree will be advised dismissing the bill.